```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X      18-CV-1393
ROBERT GENOVESE,
                                                COMPLAINT
                        Plaintiff,
                                                PLAINTIFF DEMANDS
            -against-                            TRIAL BY JURY

THE LONG ISLAND RAILROAD COMPANY,

                        Defendant.
----------------------------------------X
```

Plaintiff, **ROBERT GENOVESE**, complaining of defendant, by his attorneys, **LAW OFFICE OF PHILIP P. VOGT PLLC**, respectfully shows to this Court and alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

**FIRST:** The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

**SECOND:** At all times herein mentioned, the defendant, The Long Island Railroad Company (hereinafter "LIRR"), was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

**THIRD:** At all times herein mentioned, the defendant, LIRR, was and still is doing business in the County of Queens, City and State of New York.

**FOURTH:** At all times herein mentioned, the defendant, LIRR, was and now is a common carrier by rail engaged in interstate commerce between different states in the United States

**FIFTH:** On **June 20, 2017** and for some time prior thereto, plaintiff, ROBERT GENOVESE, was in the employ of the defendant LIRR, in the capacity of a Track Foreman.

**SIXTH:** On the date aforesaid, plaintiff was working on an embankment adjacent to the tracks east of Jamaica Station, near the Beaver Road Railroad Bridge in Queens, New York which embankment was owned by defendant.

**SEVENTH:** On the date aforesaid, plaintiff was working at the place aforesaid which was operated by defendant.

**EIGHTH:** On the date aforesaid, plaintiff was working at the place of the occurrence herein leased by defendant.

**NINTH:** On the date aforesaid, plaintiff was working at the place of the occurrence herein controlled by defendant.

**TENTH:** On the date aforesaid, while plaintiff was working at the area described in Paragraph "SIXTH" above, he was caused to slip and fall as he was ascending an embankment, on an unpaved path that was worn out and consisted of loose earth, covered with vegetation, with debris on a steep incline, which path was wet from recent rainfall exacerbating said slippery condition, causing him to be hurt and injured by and because of

2

the negligence of defendant, its agents, servants and/or employees, and he thereby sustained severe and painful injuries.

**ELEVENTH:** Plaintiff's duties generally in defendant LIRR's, employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**TWELFTH:** At the time of the said occurrence, plaintiff was engaged in duties for defendant LIRR in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH:** Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment and safe work methods with which to work; in that employees of defendant failed to take proper precautions to prevent the injury sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate

3

and enforce proper and safe rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools, work methods and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method which would result in injury; in causing, allowing, suffering and/or permitting said workplace to be and remain in an unsafe, dangerous, precarious and dangerous condition; in failing to warn plaintiff of the dangers associated with the prescribed work method being employed; in failing to warn plaintiff of the dangers associated with the path he was directed to traverse; in causing allowing, suffering and or permitting there to be a slipping hazards such as loose earth, stone, and vegetation with debris upon it to be and exist on the walking path designated for the plaintiff to use to traverse from the street level to track level; in causing, allowing, suffering and or permitting said path to remain in use

4

when it was wet from rainfall which greatly increased its slipperiness; in failing to provide handhold or rope line to assist in ascending the embankment; in violating its own safety rules and regulations and accustomed practice in the industry including LIRR Safety Rules 1.01.1 in failing to protect fellow employees; 1.01.6 in failing to make sure employee was familiar with and complied with all safety rules; in failing to inform plaintiff of the unusual hazard at said work site; in failing to continuously supervise the work for compliance with safe work practices; 1.02.2(3) in failing to assess the work area for hazards and the need for protective equipment, 1.01.9 in failing to protect this slippery path with signs, barricades or ropes, 1.01.13(1) in leaving object where employees could slip on them, (4) allowing water to be and remain on the path where it could causing slipping, 100.0.1 in failing to create a safe work environment, 100.0.4 in failing to keep the work area clean, orderly and free of unprotected hazards, 200.1(3) in failing to warn of unsafe conditions; 200.3(1) in failing to ensure work was done in a safe manner, (2) in failing to observe and correct or instruct the plaintiff, (3) in failing to warn and continuously observe and supervise the work, (4) in failing to instruct the plaintiff about the potential hazard; 300.3, in failing to inspect the work site for dangerous conditions and take action to prevent harm, 300.3.1 in failing to remedy

slipping hazards; in violating 49 CFR Section 213.37 (c) in failing to control vegetation so it did not interfere with railroad employees performing normal trackside duties; 29 CFR Sections 1926.20 in failing to perform adequate inspection of the job site; 1926.21(b)(2) in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions; 1926.34 in failing to provide free and unobstructed access to worksite.

**FOURTEENTH:** Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FIFTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**SIXTEENTH**: By reason of the premises, plaintiff has been damaged in the sum which exceeds the minimum jurisdictional requirements of this Court.

6

## AS AND FOR A SECOND CAUSE OF ACTION

**SEVENTEENTH:** Plaintiff, ROBERT GENOVESE, repeats, Reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "SIXTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**EIGHTEENTH:** That the defendant's violation of 49 CFR Section 213.37 (c), in failing to control vegetation so it did not interfere with railroad employees performing normal trackside duties, constitutes negligence *per se*.

**NINETEENTH:** That 49 CFR Section 213.37 (c) is the type of statute referred to in 45 U.S.C. Section 53 and 54a pursuant to 45 U.S.C. Sections 53 and 54a the defense of comparative negligence is unavailable to the defendant in this case.

**TWENTIETH:** Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff ROBERT GENOVESE hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the

costs and disbursements of this action.

Dated: New York, New York
       March 6, 2018

                              Respectfully submitted,

                      LAW OFFICE OF PHILIP P VOGT PLLC
                      Attorneys for Plaintiff

                      By_____
                        PHILIP P. VOGT - PV0377
                      5 Penn Plaza - 23rd Floor
                      New York, New York 10001
                      212-835-1640
                      PhilipPVogt@PVogtlaw.com